IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 JUL 11 AM 9:03
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

DOUGLAS MASTERS,
          Plaintiff,

-vs-

WELLS FARGO BANK SOUTH CENTRAL, N.A.,
          Defendant.

Case No. A-12-CA-376-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Wells Fargo Bank South Central, N.A.'s Motion to Dismiss [#33], Plaintiff Douglas Masters's Response [#36], Wells Fargo's Reply [#38], Masters's Notices of Supplemental Authority [##37, 39, 41], and Wells Fargo's Notice of Supplemental Authority [#40]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a putative class action under the Telephone Consumer Protection Action (TCPA) and its Texas analogue, as well as an individual action under the Texas Debt Collection Act (TDCA). Wells Fargo removed the case from Texas state court on the basis of federal question jurisdiction. Masters alleges Wells Fargo used an autodialer to make nine calls to his cell phone between October 29, 2011, and January 26, 2012. Wells Fargo was apparently looking for one of its former customers who had previously used the same telephone number. Masters represents he told Wells Fargo he was

not the person they were looking for, and even changed his voicemail message to deter future calls. Masters seeks to certify a class of all individuals in the United States who received similar calls from Wells Fargo in the last four years.

On December 11, 2012, Wells Fargo served Masters with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. Wells Fargo offered Masters the sum of $10,500.00, which it believed represented the maximum possible recovery for Masters's individual claims under the TCPA. The offer expressly excluded Masters's TDCA claim. Masters rejected the offer. Several months later, Wells Fargo filed its Motion to Dismiss, arguing its tender of Masters's full damages moots his TCPA claim. Wells Fargo has subsequently agreed to increase the amount of the offer to $13,500.00, which Wells Fargo believes correctly reflects the maximum damages available for the total number of calls Masters now alleges he received. Wells Fargo also agrees to the entry of an injunction preventing Wells Fargo from autodialing Masters's cell phone number in the future.

## Analysis

### I. Motion to Dismiss—Rule 12(b)(1)—Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (internal quotation marks omitted). There must be an actual controversy—that is, the plaintiff must have a personal stake in

the outcome of the action—at all times. *Id.* If at any point the plaintiff lacks such an interest, the case is moot and must be dismissed. *Id.*

The burden of establishing subject-matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In evaluating a challenge to subject-matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry, the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject-matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

## II. Application

The TCPA prohibits using an autodialer to make non-emergency calls to a cell phone. 47 U.S.C. § 227(b)(1)(A)(iii). Although the TCPA itself does not appear to create a federal cause of action, the United States Supreme Court recently resolved a 6-2 circuit split (in favor of the two) and held state and federal courts have concurrent jurisdiction over TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012). Texas has created a cause of action coextensive with the federal statute. TEX. BUS. & COM. CODE § 305.053. Masters is entitled to $1,500 in statutory damages for each knowing and intentional violation of the TCPA. *See id.* Masters brought suit

alleging both statutes as separate causes of action, and Wells Fargo removed on the basis of federal question jurisdiction.

Federal Rule of Civil Procedure 68 allows a defendant to make an Offer of Judgment to a plaintiff. The Rule provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

FED. R. CIV. P. 68(a).

Wells Fargo contends its Rule 68 offer to pay Masters the maximum amount recoverable under the TCPA moots Masters's TCPA claim (along with his claim under the state-law analogue). Accordingly, Wells Fargo contends Masters's TCPA claim must be dismissed for lack of subject-matter jurisdiction, leaving only Masters's TDCA claim. Since the only remaining claim is a state-law claim, Wells Fargo urges this Court to decline to exercise supplemental jurisdiction and remand the case to the state court. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Masters first responds the sum offered by Wells Fargo is insufficient to render this case moot. Relatedly, Masters contends an unaccepted offer of judgment cannot moot an action, and therefore his rejection of Wells Fargo's offer saves his TCPA claim. Second, Masters contends his putative class action claim preserves his stake in the TCPA claim even if his individual claim has been satisfied by Wells Fargo's offer.

-4-

The issues before the Court are therefore: (1) whether Wells Fargo's offer moots Masters's individual TCPA claim; and (2) whether Wells Fargo's offer moots Master's class action TCPA claim. For the reasons stated below, the Court concludes Wells Fargo's offer does moot Masters's individual and class TCPA claims, and dismissal of those claims under Rule 12(b)(1) is warranted.

## A. Masters's Individual TCPA Claim

Masters's Response makes much of the idea Wells Fargo's Rule 68 offer was insufficient to cover its maximum damages under the statute. The parties have some dispute over how many calls are properly pleaded. Nevertheless, Wells Fargo has stipulated it is willing to increase its offer to match the maximum number of calls Masters believes he can plead, which is nine. Wells Fargo's offer of $13,500 thus fully satisfies Masters's damages claim.[1] Wells Fargo has also stipulated to an injunction, though doing so was probably unnecessary.[2] *See Scott v. Westlake Servs., LLC*, No. 12 C 9289, 2013 WL 2468253, at *19 (N.D. Ill. June 6, 2013) (offer to enter injunction and pay the maximum statutory award for each TCPA violation "effectively makes [the plaintiff] whole").

Masters also contends Wells Fargo's offer is insufficient because it only compensates him for his federal TCPA claim, not his Texas Business and Commerce Code claim. Texas has prohibited the autodialing of cell phones since at least 1989. *See* Act of June 15, 1989, 71st Leg., R.S., ch. 783, § 1, 1989 Tex. Sess. Law. Serv. 783 (amended 1999) (formerly codified at TEX. BUS. & COM. CODE § 35.47). In 1999, however, the relevant statute was amended and received its first individual cause

---

[1] $1,500 per knowing and intentional violation multiplied by nine violations equals $13,500.

[2] A case may be mooted where the defendant voluntarily ceases the complained-of activity, so long as it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted). As Wells Fargo has not called Masters in well over one year, has been formally sued for doing so, and has offered to pay full statutory damages for its conduct, there is no reasonable basis to believe Wells Fargo will simply resume autodialing Masters's cell phone in the future.

of action, allowing for private enforcement of the TCPA. Act of June 18, 1999, 76th Leg., R.S., ch. 635, § 1, 1999 Tex. Sess. Law. Serv. 635 (amended 2007) (current version at TEX. BUS. & COM. CODE § 305.053). The statute has since migrated to TEX. BUS. & COM. CODE § 305.053, but remains substantively the same.

There is no indication in either the TCPA or in Texas's analogue that either legislative body intended to allow double recovery under both state and federal law for the same TCPA violations. The Court's conclusion is reinforced by *Mims*, in which the United States Supreme Court held federal and state courts enjoy concurrent jurisdiction over TCPA claims. 132 S. Ct. at 747. Prior to *Mims*, the law in the Fifth Circuit held state courts had "exclusive jurisdiction over private actions filed under the TCPA." *See Chair King, Inc. v. Hous. Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997), *overruled by Mims*, 132 S. Ct. at 747. It thus makes sense for Texas to have adopted a statute implementing the TCPA's private right of action, lest Texas citizens be left without a forum. These authorities suggest plaintiffs have a choice of forum rather than two separate avenues for recovery.

Masters's reliance on an unpublished Eleventh Circuit decision involving the federal Fair Debt Collection Practices Act and the Florida Consumer Collection Practice Act is unavailing. *See Beeders v. Gulf Coast Collection Bureau, Inc.*, 432 F. App'x 918, 919 (11th Cir. 2011) (unpublished). In *Beeders*, the Eleventh Circuit upheld a grant of summary judgment under both statutes based on "*separate* telephone calls" made to the plaintiff. *Id.* (emphasis added). In other words, the plaintiff recovered under each statute for a distinct act. Even if *Beeders* held to the contrary, however, an unpublished decision from a different circuit involving different statutes does nothing to convince this Court Texas's statute allowing for enforcement of the TCPA allows Texas

citizens to recover twice—once under the federal statute, and once under the state statute—for a single violation of federal law.³

There is no question Masters did not accept Wells Fargo's initial Rule 68 offer, and apparently he has no intention of accepting Wells Fargo's amended offer.⁴ Masters argues his refusal to accept the offer prevents his TCPA claim from becoming moot. The Court disagrees. In *Genesis*, the United States Supreme Court recognized a circuit split on the question "whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot." 133 S. Ct. at 1528. The Court expressly reserved judgment on the question: "we do not reach this question, or resolve the split, because the issue is not properly before us." *Id.* at 1528–29; *see also id.* at 1537 (Kagan, J., dissenting) (chiding the majority for failing to resolve the circuit split).

In the absence of a controlling decision from the United States Supreme Court, this Court turns to circuit law. The Fifth Circuit holds an unaccepted offer fully satisfying a claim does moot the claim, and this Court is bound to apply this rule, Masters's pleas to follow Justice Kagan's dissent notwithstanding. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 & n.5 (5th Cir. 2008) (citing, among others, *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("[U]nder traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim."); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to

---

³ Alternatively, even if Masters is correct and he *can* recover twice, Wells Fargo's offer still fully satisfies—and thus moots—his federal claim.

⁴ The precise form of the offer is immaterial. *E.g., Doyle v. Midland Credit Mgmt., Inc.*, No. 12-4555, 2013 WL 3242148, at *2 (2d Cir. June 28, 2013) ("[A]n offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III." (citing *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011)); *Scott*, 2013 WL 2468253, at *2 (emailed settlement offer); *Brookter v. GC Servs. Ltd. P'ship*, No. H-10-3149, 2011 WL 1584651, at *3 (S.D. Tex. Apr. 26, 2011) ("[I]t is of no import whether the defendants made their offer in the form of a Rule 68 offer rather than as a regular written settlement offer."); *Damasco v. Clearwire Corp.*, No. 10 CV 3063, 2010 WL 3522950, at *9 (N.D. Ill. Sept. 2, 2010).

satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." (citation omitted)); *Darboe v. Goodwill Indus. of Greater NY & N. NJ, Inc.*, 485 F. Supp. 2d 221, 223 (E.D.N.Y. 2007) ("Since the individual plaintiff has been offered the full relief sought, the offer of judgment renders the case moot.")).

Wells Fargo's offer to fully satisfy Masters's TCPA claim deprives Masters of a personal stake in the outcome of that claim. *See Genesis*, 133 S. Ct. at 1528. "You cannot persist in suing after you've won." *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999). The fact Wells Fargo has not also offered to resolve Masters's TDCA claim is irrelevant. Masters appears to believe mootness is an all-or-nothing concept; either an entire case is moot, or it is not. This belief has no basis. Mootness is assessed by claim, not by case. *See, e.g., Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 418 (5th Cir. 2013) (affirming district court's dismissal of "most of the plaintiff's claims" as moot, but reversing on a single statutory claim). Masters's TCPA claim is moot because he has been offered the maximum award he can possibly receive under the statute; his TDCA claim is not moot because he has not received such an offer with respect to that claim. Wells Fargo has moved only to dismiss the TCPA claim. The motion is well taken, and the Court will GRANT the motion and dismiss Masters's individual TCPA claim (and, by extension, his state-law analogue claim) as moot.[5]

---

[5] Alternatively, even if Masters's state-law TCPA claim survived because double recovery is allowed, the Court would dismiss the federal claim and reach the same ultimate conclusion: remand to the state court.

B.  Masters's Class Action TCPA Claim

Masters argues his putative class action claim survives even if his individual TCPA claim has been mooted by Wells Fargo's offer, and therefore Masters continues to have a stake in the outcome of his TCPA claim. Masters's argument, however, is foreclosed by *Genesis*.

In *Genesis*, the United States Supreme Court held "the mere presence of collective-action allegations in the complaint cannot save [a Fair Labor Standards Act] suit from mootness once the individual claim is satisfied." 133 S. Ct. at 1529. Although the Court recognized Rule 23 class actions "are fundamentally different from collective actions under the FLSA," it went on to review (and distinguish) the precise Rule 23 cases Masters relies on in support of his argument. *See id.* at 1529–32 (discussing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980); *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980); and *Sosna v. Iowa*, 419 U.S. 393 (1975)).

First, the Court noted both *Sosna* and *Geraghty*—Rule 23 class action cases—were based on "the fact that a putative class acquires an independent legal status *once it is certified* under Rule 23." *Id.* at 1530 (emphasis added). Thus *Sosna* "held that a class action is not rendered moot when the named plaintiff's individual claim becomes moot *after* the class has been duly certified," and *Geraghty* "narrowly extended this principle to *denials* of class certification motions." *Id.* Prior to certification, the named plaintiff has no interest in the class claims. "As a general rule, 'a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been properly certified.'" *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 389 (5th Cir. 2003) (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045 (5th Cir. Unit A July 1981)).

Second, the Court in *Genesis* explained why *Sosna*'s "inherently transitory" exception does not save class action claims in this context. In *Sosna*, the Court "suggested that, where a named plaintiff's individual claim becomes moot before the district court has an opportunity to rule on the certification motion, and the issue would otherwise evade review, the certification might 'relate back' to the filing of the complaint." *Genesis*, 133 S. Ct. at 1530 (citing *Sosna*, 419 U.S. at 402 n.11). "The Court has since held that the relation-back doctrine may apply in Rule 23 cases where it is certain that other persons similarly situated will continue to be subject to the challenged conduct and the claims raised are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Id.* at 1530–31 (internal quotation marks omitted). The doctrine was created to allow plaintiffs to seek redress for serious but short-lived harms:

> The "inherently transitory" rationale was developed to address circumstances in which the challenged conduct was effectively unreviewable, because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course. A plaintiff might seek, for instance, to bring a class action challenging the constitutionality of temporary pretrial detentions. In doing so, the named plaintiff would face the considerable challenge of preserving his individual claim from mootness, since pretrial custody likely would end prior to the resolution of his claim. To address this problem, the Court explained that in cases where the transitory nature of the conduct giving rise to the suit would effectively insulate defendants' conduct from review, certification could potentially "relate back" to the filing of the complaint. But this doctrine has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy.

*Id.* at 1531 (citations omitted).

Claims for damages are fundamentally different, because "a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations." *Id.* "Nor can a defendant's attempt to obtain settlement insulate such a claim from review, for a full

settlement offer addresses plaintiff's alleged harm by making the plaintiff whole." *Id.* The Court squared this outcome with the policy in favor of preserving the rights of the potential class members by noting "such putative plaintiffs remain free to vindicate their rights in their own suits." *Id.*

Third, the *Genesis* Court rejected any reliance on *Roper*'s "dicta" indicating a policy allowing defendants to "pick off" named plaintiffs prior to class certification "'would frustrate the objectives of class actions.'" 133 S. Ct. at 1532 (quoting *Roper*, 445 U.S. at 339). The Court distinguished *Roper* on the facts, noting *Roper* "turned on a specific factual finding that the plaintiffs possessed a continuing personal economic stake in the litigation, even after the defendants' offer of judgment." *Id.* In this case, as in *Genesis*, the defendant's offer has "provided complete relief on [the plaintiff's] individual claims," and Masters has "no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve [his] suit from mootness." *Id.* (internal quotation marks omitted).

## Conclusion

Having concluded Masters's TCPA claims—both individually and as a putative class action—are moot, and must therefore be dismissed under Rule 12(b)(1), the question remains what to do with the remainder of this case: specifically, Masters's TDCA claim. Wells Fargo urges a remand, and Masters does not address this possibility in his response. The Fifth Circuit's "general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *see also Villegas v. El Paso Indep. Sch. Dist.*, 481 F. Supp. 2d 729, 735 (W.D. Tex. 2006) (dismissing pendent state-law claims following dismissal of plaintiff's only federal claim). Where remand is an

option because of removal, however, remand is the more efficient route, and it is the one the Court chooses in this instance.

Before the Court grants any relief, however, the Court must decide what to do with Wells Fargo's outstanding offer. Because Wells Fargo's latest offer was made in a Reply motion, it is unclear whether Masters has had an opportunity to accept or refuse the offer. The Court will therefore give Wells Fargo an opportunity to present its amended offer to Masters. If Masters accepts the offer, the parties may file a joint dismissal of the settled TCPA claims, and the Court will remand the TDCA claim. If Masters refuses the offer, or fails to accept within a reasonable time (fourteen days), Wells Fargo should so inform the Court and pay the settlement amount into the registry of the Court. The motion to dismiss will then be granted, the funds made available to Masters, and the TDCA claim remanded.

Accordingly,

IT IS ORDERED that Defendant Wells Fargo Bank South Central, N.A. shall formally offer its amended settlement of $13,500.00 to Masters. If Masters refuses or does not accept with FOURTEEN (14) DAYS of receipt of the offer, Wells Fargo shall tender the payment into the registry of the Court and provide notice of such payment to the Court, at which time the Court will enter an order of dismissal and order of remand as noted in this opinion.

SIGNED this the 11th day of July 2013.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE