IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DOUGLAS MASTERS,
      Plaintiff,

-vs-                                      Case No. A-12-CA-376-SS

WELLS FARGO BANK SOUTH CENTRAL, N.A.,
      Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Wells Fargo Bank South Central, N.A.'s Motion to Dismiss [#33]; Plaintiff Douglas Masters's Motion to Certify Class [#43]; Masters's Motion to Stay Ruling on Motion for Class Certification [#44], and Wells Fargo's Response [#49]; Masters's Motion for Reconsideration [#45], Wells Fargo's Response [#48], and Masters's Reply [#50]; and Masters's Motion for Leave to File Sealed Document [#46]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a putative class action under the Telephone Consumer Protection Action (TCPA) and its Texas analogue, as well as an individual action under the Texas Debt Collection Act (TDCA). Masters alleges Wells Fargo improperly placed calls to his cell phone using an autodialer.[1] Wells Fargo removed the case from Texas state court on the basis of federal question jurisdiction. After

---

[1] Masters's cell phone number is apparently very popular, as he filed five separate lawsuits in this Court in 2012 alleging improper autodialer calls were placed to his cell phone by different defendants seeking different individuals.

removal, Wells Fargo offered Masters a full settlement of his TCPA claim. Wells Fargo argued the offer effectively mooted Masters's TCPA claim, and thus filed a motion to dismiss.

During the briefing on the motion to dismiss, the parties apparently disagreed about the precise number of phone calls alleged. In its reply brief, Wells Fargo extended the following offer to Masters:

> Wells Fargo hereby offers Plaintiff the sum of $13,500.00 on his individual claims under the [TCPA] . . . with costs now accrued but without any award of attorney fees. Wells Fargo also stipulates to the entry of an injunction preventing Defendant from placing any further calls to Plaintiff's cell phone number using an [autodialer], without his consent, for so long as Defendant has reason to believe that he owns the number. This offer remains good until the Court rules upon this motion.
> For the foregoing reasons the Court should dismiss Plaintiff's claims under the TCPA . . . enter an injunction in the form specified above, and award Plaintiff the amount of $13,500.00 and recoverable costs on those claims. The claims of unnamed class members should be dismissed, without prejudice.

Def.'s Reply [#38], at 10 (footnotes omitted).

This Court noted this offer mooted Masters's individual TCPA claim. Order of July 11, 2013 [#42], at 7–8, 12. However, because the settlement offer was made in a reply brief, this Court ordered Wells Fargo to formally extend the same offer to Masters so he could accept or reject it. The Court, perhaps naively, believed Masters's counsel would convey the offer to his client and explain it offered Masters the maximum possible recovery based on the allegations in the Second Amended Complaint, thus encouraging Masters to accept his total victory. In response to this Court's order, Wells Fargo again conveyed the $13,500 offer it had made in its reply brief. Based on the barrage of motions now before the Court, it must assume Masters has stubbornly refused to accept a full settlement offer and has directed his counsel to continue litigating.[2]

---

[2] The only other possible assumption—that counsel's personal interest in an eventual class action recovery has trumped his duty to offer sound advice to his current client—is one the Court is not willing to make.

Rather than accept this Court's ruling and Wells Fargo's settlement offer, Masters has decided to try to game the system. One week after this Court's previous order, Masters filed four new motions. A motion to certify a class was filed, presumably in an attempt to avoid a mootness ruling by having a certification motion pending. Masters simultaneously asks this Court to stay a ruling on the motion because Masters was "forced" to file the motion "prematurely" (*only* sixteen months after this lawsuit was originally filed in the state court, rather than eighteen months as contemplated by the parties) by Wells Fargo's settlement offer. Masters also asks this Court to reconsider its previous ruling finding his TCPA claims mooted.

## Analysis

Motions for reconsideration are treated as Rule 59(e) motions. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Federal Rule of Civil Procedure 59(e) gives a party twenty-eight days after entry of a judgment to file a motion asking the court to alter or amend that judgment. FED. R. CIV. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, or inadvertent clerical errors, or to consider newly-discovered evidence. *Id.* Although the decision to grant a motion to reconsider is within the discretion of the district court, the decision should be made in light of two "important judicial imperatives": (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all the facts. *Id.*

Masters's motion does not join issue with this Court's reading of *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), which was the basis for the Court's ruling. Instead, Masters raises technical deficiencies with each of Wells Fargo's settlement offers, each of which he claims prevent his TCPA claim from being mooted. These arguments are simple gamesmanship, and were already rejected by this Court. *See* Order of July 11, 2013 [#42], at 7 n.4. For example, Masters argues Wells Fargo's offer did not offer him a judgment. Masters cites no binding authority requiring a formal judgment offer, but regardless, Wells Fargo's offer in its reply brief plainly directs the Court to enter judgment (including an injunction) in favor of Masters and dismiss the TCPA claims. Masters's even more technical quibbling with Wells Fargo's two subsequent offers—offers Wells Fargo made (1) because this Court ordered it to (consistent with its offer in the reply brief) and (2) because Masters filed his motion to reconsider faulting the first offer for failing to include certain details—are unavailing. This Court ordered Masters to formally reconvey the $13,500 full settlement offer, complete with injunction and costs, to ensure Masters's counsel would present the offer to his client. Wells Fargo complied, and this Court is not inclined to reverse its holding because Masters is unsatisfied with the particular wording of those confirmatory offers.

Masters also contests this Court's finding he has "'no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve [his] suit from mootness.'" Order of July 11, 2013 [#42], at 11 (quoting *Genesis*, 133 S. Ct. at 1532). But as the Fifth Circuit has held, "As a general rule, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been properly certified." *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 389 (5th Cir. 2003) (internal quotation marks omitted). Masters argues he has an interest in spreading his attorney's fees across more clients, thus reducing

-4-

the individual cost of litigation. *See Deposit Guaranty Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 338 n.9 (1980). Masters has not provided this Court with any factual support for this alleged interest. The facts matter, as "*Roper*'s holding turned on a specific factual finding." *Genesis*, 133 S. Ct. at 1532. For example, if Masters has a standard contingency fee arrangement with counsel, he may have no interest in spreading fees around as counsel will simply take a percentage of his recovery. In any event, Masters's conclusory argument is not enough to convince this Court it need reconsider its prior holding.[3]

Seeing no basis to alter its prior ruling, the Court will deny the motion to reconsider and grant the pending motion to dismiss, as Wells Fargo's offer fully satisfies Masters's TCPA claim and renders it moot. Consistent with Wells Fargo's reply-brief offer, the Court will enter judgment in favor of Masters and dismiss the TCPA claim, and remand the remaining state-law claim to the state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("[W]hen a district court may relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court."). All other motions will be dismissed as moot.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Wells Fargo Bank South Central, N.A.'s Motion to Dismiss [#33] is GRANTED;

---

[3] The Supreme Court has also at least intimated the validity *Roper*'s holding on this point is questionable. *See Genesis*, 133 S. Ct. at 1532 n.5 ("Because *Roper* is distinguishable on the facts, we need not consider its continuing validity in light of our subsequent decision in *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 110 S. Ct. 1249, 108 L.Ed.2d 400 (1990). *See id.* at 480, 110 S. Ct. 1249 ('[An] interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.')").

IT IS FURTHER ORDERED that Plaintiff Douglas Masters's Motion for Reconsideration [#45] is DENIED;

IT IS FURTHER ORDERED that Plaintiff Douglas Masters's Motion to Certify Class [#43] is DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Plaintiff Douglas Masters's Motion to Stay Ruling on Motion for Class Certification [#44] is DISMISSED AS MOOT;

IT IS FINALLY ORDERED that Plaintiff Douglas Masters's Motion for Leave to File Sealed Document [#46] is DISMISSED AS MOOT.

SIGNED this the 31st day of July 2013.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE